**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **UNITED PARCEL SERVICE, INC.** <br><br> **Defendant.** | **Civil Action No. 1:26-cv-3221** <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Aletum ("Aletum"). As alleged with greater particularity below, Defendant United Parcel Service, Inc. ("Defendant") discriminated against Aletum when it failed to reasonably accommodate his disability and failed to hire him due to his disability or the need to accommodate him.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Delaware corporation, has continuously had at least 15 employees and done business in the town of Chantilly in Fairfax County, Virginia.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Aletum filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On May 22, 2026, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission provided Defendant with proposed terms for conciliation and engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On June 30, 2026, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least November 2024, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) and (B) of Title I, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A) and (B).

14. At all relevant times, Aletum was a qualified individual with a disability as defined by the ADA.

15. Aletum has been profoundly deaf since birth, which substantially limits him in the major life activities of hearing, speaking, and audibly communicating.

16. On November 14, 2024, Aletum applied for a job with Defendant at its site in Chantilly in Fairfax County, Virginia as package unloader/loader.

17. Defendant's position of package unloader/loader was an entry-level position which did not require any experience.

18. Prior to applying to Defendant, Aletum had package handling, loading, and unloading experience.

19. In response to Aletum's application for employment, on November 15, 2024, Defendant extended Aletum a conditional offer of employment subject to his completing orientation.

20. On November 15, 2024, Defendant informed Aletum that his orientation was scheduled for November 26, 2024.

21. On November 18, 2024, Aletum notified Defendant that he was deaf and would need an American Sign Language ("ASL") interpreter for the orientation scheduled for November 26, 2024.

22. In response to Aletum's request for an ASL interpreter, Defendant instructed Aletum to complete an accommodation request form, which Aletum did that day.

23. Defendant also instructed Aletum not to appear for his November 26, 2024 orientation.

24. On December 9, 2024, Aletum contacted Defendant to inquire why his orientation had never been rescheduled and reiterate his need for an ASL interpreter.

25. Defendant instructed Aletum to appear for orientation the very next day, on December 10, 2024.

26. On December 10, 2024, Aletum appeared for orientation, but Defendant failed to provide an interpreter.

27. Without an interpreter, Aletum could not complete his orientation and Defendant directed Aletum to leave.

28. On December 17, 2024, Aletum again reached out to Defendant to ask about the rescheduling of his orientation and his interpreter.

29. Defendant informed Aletum there were no more positions available and therefore he could not be rescheduled for orientation.

30. On December 24, 2024, Defendant advised Aletum that it was not moving forward with his application.

**Count I: ADA Failure to Accommodate**

31. The allegations contained in paragraphs 13-30 are hereby incorporated by reference.

32. Since at least November 18, 2024, Defendant has engaged in unlawful employment practices against Aletum in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A), by failing to provide reasonable accommodation to his known limitations by supplying an ASL interpreter at orientation.

**Count II: ADA Failure to Hire**

33. The allegations contained in paragraphs 13-30 are hereby incorporated by reference.

34. Since at least in or about December 2024, Defendant discriminated against Aletum by failing to hire him because of his disability in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), and/or because of the need to provide reasonable accommodation in violation of Section 102(b)(5)(B) of the ADA, 42 U.S.C. § 12112(b)(5)(B).

35. The effect of the practices complained of in paragraphs 13-34 above has been to deprive Aletum of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

36. The unlawful employment practices complained of in paragraphs 13-34 above were intentional.

37. The unlawful employment practices complained of in paragraphs 13-34 above were done with malice or with reckless indifference to the federally protected rights of Aletum.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to provide reasonable accommodation to qualified individuals absent undue hardship, and from taking adverse action against any individual on the basis of his disability or his needing accommodation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Aletum whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or front pay in lieu of reinstatement.

F. Order Defendant to make Aletum whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

G. Order Defendant to make Aletum whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant to pay Aletum punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney
MD Bar No. 04312

/s/ Thomas D. Rethage
THOMAS D. RETHAGE
Assistant Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
Phone: (267) 589-9756
Fax: (215) 440-2606
Email: thomas.rethage@eeoc.gov

/s/ Heather E. Nodler
HEATHER E. NODLER
Trial Attorney
NY Bar No. 5455340
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
Phone: (267) 817-5865
Fax: (215) 440-2606
Email: heather.nodler@eeoc.gov

/s/ Amy E. Garber
AMY E. GARBER
Trial Attorney
Virginia Bar No. 37336
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Norfolk Local Office
200 Granby St., Suite 739
Norfolk, VA 23510
Phone: (757) 600-4726
Fax: (704) 954-6412
Email: amy.garber@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

Date: September 30, 2026